UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| CENTURY SURETY COMPANY, | **DECLARATORY JUDGMENT COMPLAINT** |
| Plaintiff, | |
| vs. | Case No.: ____-cv-_____ |
| CNA INSURANCE COMPANIES and RITE AID OF NEW YORK, INC., | |
| Defendants. | |

_____

Plaintiff, CENTURY SURETY COMPANY ("Century"), by and through its attorneys, Hurwitz & Fine, P.C., as and for its complaint against the defendants alleges, upon information and belief:

1. Century was and still is a foreign insurance company incorporated in the State of Ohio with its principal place of business in the State of Michigan, and issues insurance policies under the laws of the State of New York State.

2. Upon information and belief, CNA Insurance Companies ("CNA"), is the principal subsidiary of CNA Financial Corporation, and was and is a foreign insurance company domiciled in the State of Illinois and licensed to transact insurance business in New York State, including the issuance of insurance policies.

3. Upon information and belief, Rite Aid of New York, Inc. ("Rite Aid") was and is a Pennsylvania corporation incorporated under the laws of the Commonwealth of Pennsylvania, with a principal place of business in the State of New York.

4. This Complaint seeks a declaration that Century Surety is under no obligation to defend or indemnify Rite Aid relative to the underlying action.

1

5. It also seeks recoupment of certain expenses paid by Century in defense of Rite Aid in the underlying lawsuit after its retender of defense and indemnity in December 2015 from Rite Aid and/or its insurer CNA.

6. This Court has jurisdiction over this matter under 28 USC § 1332 in that it arises between citizens of different states/countries and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, insofar as the value of the right being protected and/or the injury being averred exceeds $75,000.

7. Venue is proper in this district under 28 USC § 1391(a)(2) and (b)(2) as the underlying incident giving rise to this matter occurred in Brooklyn, New York.

## THE UNDERLYING INCIDENT AND ACTION

8. Moshe Katz ("Katz") commenced an action in the Supreme Court of the State of New York, County of Kings, against George L. Malin ("Malin"), William N. Weidman ("Weidman"), and Rite Aid Pharmacy (the "Underlying Action"), styled *MOSHE KATZ v. GEORGE L. MALIN, WILLIAM N. WEIDMAN and RITE AID PHARMACY*, bearing Index No. 2014/8529. A copy of the Complaint in the Underlying Action is attached hereto as **Exhibit "A"**.

9. In the Underlying Action, Katz alleged that Malin and/or Weidman and/or Rite Aid owned and/or leased premises located at 2577 Nostrand Avenue in Brooklyn (the "Premises").

10. Katz claims to have slipped and fallen on a sidewalk in front of the Premises on December 26, 2013 (the "Underlying Incident").

11. Upon receipt of the Complaint, Rite Aid tendered its defense of the matter to US Maintenance, Inc. ("USM"), its maintenance contractor.

2

12. USM, in turn, tendered, through a third-party administrator, Sedgwick Claims Management Services, Rite Aid's defense to its subcontractor, Adco, a snow plow contractor, and Century as the alleged carrier for Adco (the "Sedgwick Tender").

13. Adco was, at one point in time, insured by Century, under policy number CCP 736887 (the "Century Policy").

14. The Century Policy was in effect from October 19, 2011 through October 19, 2012.

15. Despite the fact that the Century Policy was not in effect on the date of the incident, Century mistakenly accepted the Sedgwick Tender agreeing to provide a defense to USM and Rite Aid.

16. Upon realizing this mistake, by letter, dated December 9, 2015, Century tendered the matter back to Sedgwick advising USM, USM's insurance carrier, CNA, and Rite Aid that it did not insure Adco at the time of the incident and therefore would no longer honor the tender (the "Century Tender Back")

17. Upon information and belief, Rite Aid is insured under the CNA policy issued to USM.

18. Century advised that it intended to withdraw from its defense in the Underlying Action by way of the Century Tender Back and that Sedgwick should "promptly arrange to reassume the defense of USM and Rite Aid in this pending matter."

19. Century received no response to the Century Tender Back.

20. Century is still, to date, defending Rite Aid in the Underlying Action.

## AS AND FOR A FIRST CAUSE OF ACTION

21. Century repeats and realleges each and every allegation contained in paragraphs 1 through 20 above as if fully set forth herein.

22. The Underlying Incident is alleged to have occurred on December 26, 2013.

23. The Century Policy issued to Adco was in effect from October 19, 2011 through October 19, 2012.

24. The Underlying Incident occurred outside of the effective policy period of the Century Policy.

25. The Century Policy does not provide coverage for "occurrences" that occur outside of the effective policy period.

26. Therefore, Century is entitled to a declaration that the Century Policy does not provide coverage to Rite Aid or any other claimed insured relative to the Underlying Incident.

27. Where Century does not provide coverage to Rite Aid relative to the Underlying Incident, Century should be permitted to withdraw its defense of Rite Aid in the Underlying Action.

28. Additionally, Century should be entitled to approval from this Court to withdraw from further defense of Rite Aid in the Underlying Action.

## AS AND FOR A SECOND CAUSE OF ACTION

29. Century repeats and realleges each and every allegation contained in paragraphs 1 through 28 above as if fully set forth herein.

30. By letter, dated December 9, 2015, Century retendered the defense of Rite Aid back to the company and to CNA, among others.

31. Century advised that it intended to withdraw from Rite Aid's defense in the Underlying Action by way of the Century Tender Back and that CNA should promptly arrange to reassume the defense of Rite Aid in this pending matter.

32. Despite the fact that CNA provides insurance coverage to USM and Rite Aid, no attempt was made to assume the defense of either entity and the defense in turn stayed with Century.

33. Century has been forced to maintain the defense of Rite Aid, incurring expenses that should have been, and should continue to be incurred by CNA in defense of the Underlying Action.

34. Based upon the principals of equitable subrogation, Century is entitled to recoup the costs and fees incurred in the defense of Rite Aid, including interest thereon, from the date of its retender to CNA and/or Rite Aid.

**WHEREFORE**, the plaintiff, CENTURY SURETY COMPANY, respectfully requests judgment:

(1) declaring that there is no coverage under the Century Policy issued to Adco Services Corp. for the claims asserted against Rite Aid in the Underlying Action styled *MOSHE KATZ v. GEORGE L. MALIN, WILLIAM N. WEIDMAN and RITE AID PHARMACY*, bearing Index No. 2014/8529;

(2) declaring that Century may withdraw from its defense of Rite Aid in the Underlying Action styled *MOSHE KATZ v. GEORGE L. MALIN, WILLIAM N. WEIDMAN and RITE AID PHARMACY*, bearing Index No. 2014/8529;

(3) declaring that CNA and/or Rite Aid must reimburse Century for the costs and fees, including interest thereon, incurred in defense of Rite Aid in the Underlying Action styled

5

*MOSHE KATZ v. GEORGE L. MALIN, WILLIAM N. WEIDMAN and RITE AID PHARMACY*, bearing Index No. 2014/8529, since the date of the Century Tender Back on or about December 9, 2015;

        (4)    granting such other and further relief as may be just, equitable and proper, together with the costs and disbursements of this action.

DATED:    Buffalo, New York
                October 30, 2019

                                  HURWITZ & FINE, P.C.

                                  By_____
                                      Dan D. Kohane, Esq.
                                  *Attorneys for Plaintiff*
                                  1300 Liberty Building
                                  424 Main Street
                                  Buffalo, New York 14202
                                  (716) 849-8900
                                  ddk@hurwitzfine.com